J-S79036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STRANDON MILLER | : | |
| | : | |
| Appellant | : | No. 143 EDA 2017 |

Appeal from the PCRA Order December 20, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002279-2009

BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JANUARY 24, 2018**

Appellant, Strandon Miller, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In its amended opinion, the PCRA court fully and accurately sets forth the relevant facts and procedural history. Therefore, we have no need to restate them.

Appellant raises one issue for our review:

> WHETHER APPELLANT WAS PREJUDICED BY TRIAL AND APPELLATE COUNSEL[S'] FAILURE TO PRESERVE THE ISSUE OF SUFFICIENCY OF THE EVIDENCE FOR CONSIDERATION IN APPELLANT'S DIRECT APPEAL[?]

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012); *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa.Super. 2008), *appeal denied*, 598 Pa. 764, 956 A.2d 433 (2008).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Gonzalez*, 858 A.2d 1219 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). To prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel, which, in

the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Turetsky**, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: "(1) the underlying claim is of arguable merit; (2) …counsel had no reasonable strategic basis for his…action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." **Id.** at 880. "The petitioner bears the burden of proving all three prongs of the test." **Id.** "If a petitioner fails to plead or meet any elements of the [ineffectiveness] test, his claim must fail." **Commonwealth v. Burkett**, 5 A.3d 1260, 1272 (Pa.Super. 2010). **See also Commonwealth v. Chmiel**, 612 Pa. 333, 362, 30 A.3d 1111, 1128 (2011) (explaining boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy petitioner's burden to prove ineffectiveness).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Giovanni O. Campbell, we affirm on the basis of the PCRA court's opinion. The PCRA court comprehensively addresses and properly disposes of Appellant's issue.[2]

_____

[2] Regarding the ineffective assistance claim related to trial counsel's alleged failure to object to the introduction of evidence at trial Appellant presented
*(Footnote Continued Next Page)*

- 3 -

J-S79036-17

(**See** Amended PCRA Court Opinion, filed May 9, 2017, at 5-8) (finding: this Court previously determined that even if Appellant had preserved on direct appeal sufficiency of evidence claim, it lacked merit; evidence at trial established Appellant's use of physical force upon minor Victim was not necessary to maintain discipline and was not consistent with Victim's welfare; Victim's alleged misconduct in failing to clean cat's litterbox was insignificant; nature and severity of physical punishment Appellant inflicted upon minor Victim was grossly disproportionate to any infraction, let alone trivial misconduct alleged against six-year-old Victim; ample alternative means of discipline was available to Appellant and his co-conspirator; evidence presented at trial was sufficient; prior counsel's failure to preserve

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

in his original concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), the PCRA court reasoned as follows:

> Appellant's January 31, 2017, Rule 1925(b) Statement raises as error the denial of the request for a new trial based upon alleged ineffectiveness of trial counsel for "failure to object to the introduction of evidence at trial." There is nothing in the original PCRA Petition, the Amended Petition or the Supplemental Petition addressing such alleged failure. ….

(Amended PCRA Court Opinion at 4). The record supports the PCRA court's rationale. Accordingly, Appellant waived for our review his ineffectiveness claim relating to the admission of evidence at trial. **See Commonwealth v. Bond**, 572 Pa. 588, 819 A.2d 33 (2002) (providing failure to raise issue before PCRA court constitutes waiver of claim for appeal); Pa.R.A.P. 302(a) (stating issues not raised in lower court are waived and cannot be raised for first time on appeal).

meritless challenge to sufficiency of evidence does not render counsel ineffective; even if prior counsel had preserved on direct appeal sufficiency claim, it lacks arguable merit). The record supports the PCRA court's rationale, and we see no reason to disturb it. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/18

FILED

MAY 0 9 2017

Office of Judicial Records
Appeals/Post Trial

IN THE COURT OF COMMON PLEAS
FOR THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL

COMMONWEALTH : CP-51-CR-0002279-2009

v.

STRANDON MILLER

CP-51-CR-0002279-2009 Comm. v. Miller, Strandon
Opinion



7944176461

*143 EBA 2017*

### AMENDED MEMORANDUM OPINION

*CAMPBELL, J.*                                                                 May  9TH, 2017

**Procedural History**

On September 17, 2009, following a jury trial before the Honorable Earl Trent, Appellant Strandon Miller (aka Brandon Miller), was found guilty of aggravated assault graded as a first degree felony, criminal conspiracy, endangering the welfare of a child, possessing an instrument of crime, and recklessly endangering another person. On November 5, 2009, Appellant was sentenced to an aggregate term of 12 1/2 to 25 years incarceration.

Appellant appealed to the Superior Court, which affirmed the judgment of sentence. *Commonwealth v. Miller*, 32 A.3d 846 (Pa. Super. 2011).

Appellant filed an application for *en banc* re-argument, which the Superior Court denied on October 26, 2011. *Commonwealth v. Miller*, 2011 Pa. Super. LEXIS 4256 (Pa. Super 2011).

On May 1, 2012, Appellant filed the instant *pro se* petition under the Pennsylvania Post Conviction Relief Act ("PCRA").

On October 15, 2012, the Pennsylvania Supreme Court granted Appellant leave to file a petition for allowance of appeal, *nunc pro tunc*. *Commonwealth v. Miller*, 55 A.3d 98 (Pa. 2012).

Appellant filed his petition for allowance of appeal on November 2, 2012, which the

Pennsylvania Supreme Court denied on June 12, 2013. *Commonwealth v. Strandon Miller,* 69 A.3d 243 (Pa. 2013).

Appellant filed a *pro se* Petition for Writ of Habeas Corpus and accompanying Memorandum of Law in the United States District Court for the Eastern District of Pennsylvania Court on November 25, 2013. Therein Appellant alleged that: (1) trial counsel was ineffective for not arguing that use of force by a parent or guardian may be justifiable under 18 Pa.C.S. §509(1)(i); (2) direct appeal counsel was ineffective for not filing a timely *allocatur* petition; and (3) trial and direct appeal counsel were ineffective for not relying on specific cases *Miller v. Pennsylvania,* 2014 U.S. Dist. LEXIS 95443, *6-7 (E.D. Pa. June 19, 2014).[1]

On June 19, 2014, United States Magistrate Judge Henry S. Perkin recommended that the petition be denied and dismissed without prejudice. On July 10, 2014, United States District Court Judge Nitza Quiñones Alejandro adopted Judge Perkins' recommendations. *Miller v. Pennsylvania,* 2014 U.S. Dist. LEXIS 94723, *2, 2014 WL 3401111 (E.D. Pa. July 10, 2014).

Counsel for Appellant filed an Amended PCRA Petition on November 7, 2014. He filed a Supplemental Amended PCRA Petition on September 14, 2015.

The Commonwealth filed an Answer to the Petition on February 5, 2016.

The matter was assigned to this Court on February 10, 2016.

On November 28, 2016, the Court sent Appellant a Notice of Intent to Dismiss the PCRA Petition, pursuant to Pa.R.Crim.P. 907.

On December 20, 2016, the PCRA petition was dismissed and Appellant was sent Notice of the dismissal and a copy of the Order.

---

1 Appellant's filings in the federal habeas case are docketed under the name Brandon Miller, at E.D. Pa. No. 13-cv-06862.

2

On December 23, 2016, a timely Notice of Appeal was filed.

Pursuant to Pa.R.A.P. 1925(b)(2) and (3), the Court entered an order on January 23, 2017, directing the filing of a Statement of Errors Complained of on Appeal, not later than twenty-one (21) days after entry of the order.

A Rule 1925(b) Statement of Errors was filed on January 31, 2017, raising a single ground of error in denial of the request for a new trial based upon alleged ineffectiveness of trial counsel for "failure to object to the introduction of evidence at trial."

The claim of ineffectiveness of counsel in failing to advance the argument that the conduct fell within the range of permissible parental discipline or punishment, which had been raised in the amended petition, was not preserved by raising it in the Pa.R.A.P. 1925(b) statement.

On February 13, 2017, this Court filed its Memorandum Opinion noting the failure to raise this second allegation in the Rule 1925(b) statement, but nonetheless addressing the issue in the opinion.

On April 25, 2017, the Superior Court granted Appellant's counsel's motion for a remand to file a supplemental Rule 1925(b) statement.

On May 7, 2017, counsel for Appellant filed a Supplemental Rule 1925(b) statement raising the omitted allegation of error.

**Factual History**

The Commonwealth established at trial that Appellant and Crystal Otte, his live-in girlfriend, repeatedly beat the girlfriend's six-year old daughter with a metal-studded belt. School personnel observed injuries to the child's hands, back, and buttocks, and reported the abuse. The

3

jury also heard evidence, by way of stipulation, that:

> A jury found that Strandon Miller similarly assaulted two-year-old M. R. , the son of his then girlfriend. M. R. died in the hospital eight days after the assault. He never regained consciousness and died from a lacerated liver, pancreatic injury, facial bruises, and hypoxia, which is lack of blood flow and/or oxygen to the brain. A jury determined that M. R.'s death was caused by Strandon Miller. The jury convicted Strandon Miller of the involuntary manslaughter of M. R. Strandon Miller is currently appealing that jury's guilty verdict.

(N.T. 9/16/09, 66-67).

The other evidence adduced at trial is adequately set forth in Judge Trent's September 20, 2010, Opinion. We adopt Judge Trent's summary as though fully set forth herein.

## Discussion

**1. Appellant's alleged claim of failure to object to the introduction of evidence at trial has been previously litigated.**

The May 3, 2012, *pro se* PCRA Petition raises the single ground of failure of trial and appellate counsel to advance the defense of parental discipline or punishment. The September 14, 2015, Supplemental Amended PCRA Petition raises this claim in the context of failure of trial and appellate counsel to preserve the claim of insufficiency of the evidence to support the conviction.[2]

Appellant's January 31, 2017, Rule 1925(b) Statement raises as error the denial of the request for a new trial based upon alleged ineffectiveness of trial counsel for "failure to object to the introduction of evidence at trial." There is nothing in the original PCRA Petition, the Amended Petition or the Supplemental Petition addressing such alleged failure. If the alleged

---

2 The November 7, 2014, Amended PCRA Petition raises as the sole ground for relief the failure to file a Petition for Allowance of Appeal to the Supreme Court. The Supreme Court granted leave to file a Petition for Allowance of Appeal, nunc pro tunc on October 15, 2012 (*Commonwealth v. Miller*, 55 A.3d 98 (Pa. 2012)), and because such a petition was filed and denied by the Pennsylvania Supreme Court denied on June 12, 2013. *Commonwealth v. Strandon Miller*, 69 A.3d 243 (Pa. 2013). As acknowledged in paragraph 2 of the September 14, 2015, Supplemental Amended Petition, this ground is clearly moot.

4

failure to object goes to the introduction of the child's statements under the tender years exception, that issue has been previously litigated. See Superior Court Opinion, pp. 3-5. If the alleged failure to object goes to the evidence of Appellant's prior conviction for the beating death of his prior girlfriend's two year old son, that too has been previously litigated. See Superior Court Opinion, pp. 8-11. The PCRA provides that in order to be eligible for relief, "the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). See also 42 Pa.C.S. § 9544.

### 2. The evidence was sufficient to overcome any license to impose discipline under 18 Pa.C.S. § 509.

Appellant's claim that trial and appellate counsel failed to preserve the claim of insufficiency of the evidence to support the conviction, is without merit. As the Superior stated regarding his previous effort to argue sufficiency of the evidence on appeal: "Even if Miller had preserved his claim for appellate review, we would conclude that it lacks merit for the reasons stated in the trial court's Opinion. *See* Trial Court Opinion, 9/20/10, at 5-7 (unnumbered) (concluding that the evidence was sufficient to establish that Miller intended to cause serious bodily injury)". *Commonwealth v. Miller*, No. 3490 EDA 2009, Slip. Op. 13, note 5 (Pa. Super. 8/30/11). This Court likewise adopts Judge Trent's reasoning.

A claim challenging the sufficiency of the evidence presents a question of law. *Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745, 751 (2000). We must determine "whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt." *Commonwealth v. Hughes*, 521 Pa. 423, 555 A.2d 1264, 1267 (1989). We "must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder

5

properly could have based its verdict." *Id.*

Our Supreme Court has instructed:

[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *Commonwealth v. Ratsamy*, 594 Pa. 176, 934 A.2d 1233, 1236 n. 2 (2007).

*Commonwealth v. Thomas*, 65 A.3d 939, 943 (Pa. Super. 2013).

18 Pa.C.S. § 509. Use of force by persons with special responsibility for care, discipline or safety of others, provides, in pertinent part:

The use of force upon or toward the person of another is justifiable if:
(1) The actor is the parent or guardian or other person similarly responsible for the general care and supervision of a minor or a person acting at the request of such parent, guardian or other responsible person and:
(i) the force is used for the purpose of safeguarding or promoting the welfare of the minor, including the preventing or punishment of his misconduct; and
(ii) the force used is not designed to cause or known to create a substantial risk of causing death, serious bodily injury, disfigurement, extreme pain or mental distress or gross degradation.

As in *Commonwealth v. Bradley*, 69 A.3d 253, (Pa. Super. 2013), even if prior counsel

has preserved the claim that the use of force was justified under 18 Pa.C.S. § 509, the conviction

would have been affirmed.

The conduct here was that:

[I]n the evening of December 8, 2008, the [six year-old] complainant was instructed to clean a litter box. Ms. Otte concluded that the complainant improperly executed the cleaning, and decided to beat her with a belt partially composed of metal rings. Ms. Otte proceeded to strike the backside of her body for an extended period of time. The complainant attempted to deflect the strikes and defend herself by extending her arm back behind her body. At some point, Ms. Otte ceased and physically transferred the belt

6

to the Appellant. Later that evening, the [Appellant] resumed the beating of the complainant with the belt. Extensive physical injuries were sustained by the complainant as a result of the beating.

Trial Court Opinion, unnumbered pp. 6-7.

Regarding § 509, the Superior Court has explained: "In applying this section, we believe that the fact finder must assess whether the [parent] believed the use of force was necessary to maintain reasonable discipline and whether it was consistent with the child's welfare, in consideration of, the child's [alleged] misconduct, the nature and severity of the punishment inflicted, the age and size of the child and alternative means of discipline that were available." *Commonwealth v. Tullius*, 582 A.2d 1, 4 (Pa. Super. 1990).

In considering the evidence, we are guided by the sage analysis of our colleague, Judge Wallace H. Bateman, Jr.:

> It is true that parents have the privilege to subject their children to corporal punishment when the children misbehave. This is so because our society recognizes the primary role of parents in preparing children to assume the obligations and responsibilities of adults, and because there is a need to ensure that the state, through its criminal justice system, does not unduly interfere with the private realm of family life. See [*Commonwealth v. Ogin*, 540 A.2d 549, 554 (Pa. Super. 1988)]. Nevertheless, there are limits regarding the type and severity of the corporal punishment which a parent may impose. Id. The law long ago abandoned the view that children are essentially "chattels of their parents without independent legal rights." *Id.* Moreover, it is now clear that child abuse is a serious and widespread problem, which the state has a powerful interest in preventing and deterring. *Id.* According to 18 Pa.C.S.A § 509(1)(ii), "the force upon or toward the person of another is justifiable if the actor is the parent or guardian...and the force used is not designed to cause or known to create a substantial risk of causing death, serious bodily injury, disfigurement, extreme pain or mental distress or gross degradation." 18 Pa.C.S.A § 509(1)(ii).

*Commonwealth v. Riggins*, 2011 Pa. Dist. & Cnty. Dec. LEXIS 551, *17-18 (Pa. County Ct. 2011).

Under the facts presented here, granting all reasonable inferences to the Commonwealth

as the verdict winner, we have no difficulty concluding that the use of force was not necessary to maintain reasonable discipline; that the force used was not consistent with the child's welfare; that the child's alleged misconduct in failing to adequately clean the cat's litterbox was insignificant and certainly did not warrant anywhere near the level of physical punishment inflicted; that the nature and severity of the punishment inflicted was grossly out of proportion to any infraction, let alone the minor misconduct alleged against this 6 year-old; and there were ample alternative means of appropriate, reasonable discipline available to Appellant and his co-conspirator.

"It is well established that ... counsel cannot be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Lawrence*, 960 A.2d 473, 478 (Pa. Super. 2008), citing *Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa. Super. 2008). Here, the evidence presented was clearly sufficient, and counsel's failure to preserve a meritless challenge to that sufficiency does not render counsel ineffective or warrant relief.

For all the reasons set forth herein, Appellant's Petition under the Post Conviction Relief Act was properly dismissed.

By The Court:

_____
Campbell, J.

8

**COMMONWEALTH v. STRANDON MILLER**       CP-51-CR-0002279-2009

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P.114:

**Defense Counsel/Party:**

Joseph Shultz, Esquire
219 Race Street, Suite B
Philadelphia, PA 19106

Type of Service:       (X ) First Class Mail

**District Attorney:**

Robin Godfrey, Esquire
Barbara R. Paul, Esquire
Office of the District Attorney
Three South Penn Square
Philadelphia, PA 19107-3499

Type of Service:       (X) First Class Mail

**Dated: May 9, 2017**

Vanessa A. Montone
Judicial Secretary to
Honorable Giovanni O. Campbell